[No. 11449.    Department One.    January 22, 1914.]

GEORGE E. CULVER *et al.*, *Appellants*, v. CHARLES C. CULLITON *et al.*, *Respondents.*[1]

CONTRACTS—PERFORMANCE OR BREACH — EVIDENCE — QUESTION FOR JURY. In an action for breach of an oral contract, where the testimony was conflicting, plaintiffs claiming that the defendants had sublet them certain railroad concrete work and guaranteed there would be 1,800 yards of it, while defendants claimed that they did not guarantee any amount, but sublet the concrete work on ten miles of road, subject to any change in plans by the company, be the same more or less, and that they had settled with and overpaid the plaintiffs for all the work done, amounting to 119 yards, the questions are for the jury, under proper instructions; nor could the court say, as a matter of law, that defendants' tender of 160 additional yards, which could only be done at a loss, would be a substantial compliance with their contract guaranteeing a balance of approximately 1,700 yards.

Appeal from a judgment of the superior court for Spokane county, Kennan, J., entered March 29, 1913, in an action on contract, in favor of the defendants upon a counterclaim, upon withdrawing the case from the jury, after a trial on the merits. Reversed.

*Robertson & Miller*, for appellants.
*Alex M. Winston*, for respondents.

GOSE, J.—This is an action for damages flowing from an alleged breach of contract. After all the evidence had been submitted, upon the motion of the defendants, the court withdrew the case from the jury and entered a judgment in favor of the defendants for the amount of their counterclaim. The plaintiffs have appealed.

The complaint, in substance, alleges that the appellants entered into a contract with the respondents, wherein and whereby the appellants agreed to do 1,800 cubic yards of

[1]Reported in 137 Pac. 1000.

concrete work for the respondents, on a branch of the Canadian Pacific Railway Company, in British Columbia, at a fixed price per yard; that the respondents agreed to furnish the appellants that amount of concrete work; that the respondents furnished them only 119 yards of concrete work, and failed and refused to furnish them any more work, and that the appellants would have made a profit of $3.50 per yard. The answer alleges, affirmatively, that the respondents had a contract with the railway company, in British Columbia, whereby they had agreed to do the concrete work and bridging, as per specifications attached to the contract, upon ten miles of the railroad; that, at the time of entering into the contract with the appellants, it was supposed that the amount of concrete work would be approximately 1,800 yards; that they did not agree to furnish the appellants any fixed amount of concrete work, but that they gave the appellants a subcontract to furnish the material and perform the labor for all the concrete work on the ten miles of railroad; that the appellants commenced work under the contract on the first day of July, 1912, and that, on the 5th day of September following, they abandoned and refused to complete their contract. It is further alleged that the appellants completed 119 yards of the contract, and that the respondents have overpaid them for such work to the extent of $549.35, for which amount they pray judgment. It is also alleged that the appellants agreed with the respondents that they were indebted to them, and that, as soon as the amount could be ascertained, they would pay it. The new matter in the answer was traversed in the reply.

The appeal presents but one question, viz.: Should the case have been submitted to the jury under proper instructions? We think it should. The appellants, in substance, testified that the contract was verbal; that it was made in Spokane; that the respondents guaranteed that there would be at least 1,800 yards of concrete work; that the respondents later told them that the plans were ready, and requested them to go to

British Columbia and commence work; that they did so; that, after completing 119 yards, they were informed by the respondents that there was no more concrete work, and that they then went away. The respondents' testimony is to the effect that they did not guarantee any particular amount of work, but that the appellants took a subcontract to do all the concrete work on ten miles of the railroad, should the same be more or less, and that the respondents' contract with the railroad company provided that the plans and specifications were subject to change and modification by the railroad company's engineer, and that the appellants so understood it. The appellants meet this by saying that they made their contract without any reference to the contract between the respondents and the railroad company. They further say that they did not settle the counterclaim which the appellants are asserting, and that they did not agree to pay it. The respondents also claim that, after the appellants went to British Columbia, they prepared duplicate written contracts embodying their version of the contract which they made with the appellants; that they submitted them to the appellants; and that they agreed to, but did not, sign them. All these questions should have been submitted to the jury under proper instructions.

The respondents also assert that when the appellants quit work, they were informed that there were about 160 yards of concrete work, according to the railroad company's plans as modified by its engineer. The appellants meet this by saying that the railroad engineer told them that there might be that amount, and that he also said to them that, under the modified plans, there was practically no concrete work. There seems to be an inconsistency in the testimony of the appellants as to whether they understood before quitting that there were 160 yards of concrete work. The jury should have been called upon to reconcile this seeming inconsistency. It does not present a law question. The rule, however, is that a party must substantially perform his con-

tract. 9 Cyc. 602, 603; *Pallman v. Smith*, 135 Pa. St. 188, 19 Atl. 891.

If it be conceded that the appellants quit work knowing that there were approximately 160 yards of concrete work, which, as they assert, was so situated that a loss would result from doing it, the question as to whether there was a substantial performance of the contract on the part of the respondents is one of mixed law and fact. It certainly cannot be declared, as a matter of law, that the tender of 160 yards of concrete work so situated is a substantial performance of a contract which guarantees a balance of approximately 1,700 yards. All of these questions should have been submitted to the jury under proper instructions.

The judgment is reversed.

CROW, C. J., ELLIS, and MAIN, JJ., concur.